UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROGER S. ATCHLEY,<br><br>   Plaintiff,<br><br> v.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,[1]<br><br>   Defendant. | Case No. 2:19-cv-02182-EJY<br><br>**ORDER** |

Presently before the Court is Plaintiff Roger S. Atchley's Application to Proceed *In Forma Pauperis*. ECF No. 1.

**I. *In Forma Pauperis* Application**

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II. Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it

---

[1] Andrew Saul is the current Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's Complaint (ECF No. 1-1) challenges a decision by the Social Security Administration (or, the "Administration") to deny him Social Security disability benefits.

> A complaint in a social security appeal is not exempt from the Section 1915(e) screening of in forma pauperis cases generally. . . . Moreover, although a complaint in a social security appeal may differ in some ways from other civil cases, it is also not exempt from the general rules of civil pleading. . . . With respect to social security appeals specifically, the undersigned and several other judges in this District have outlined some of the basic requirements for complaints to satisfy the Court's screening. First, the plaintiff must establish that he has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (internal citations and quotation marks omitted).

Applying the first standard in this case, Plaintiff does not allege that he exhausted his administrative remedies or timely commenced this case. However, Plaintiff attached a Civil Cover Sheet, on which he wrote "Appeal Denial of SSD by ALJ" under a section titled "Brief description

of cause." *Id*. In addition, Plaintiff attached a November 22, 2019 letter from the Administration, in which the Appeals Council stated that it:

> denied a request for review of the Administrative Law Judge's decision [on April 3, 2019]. The Council has now received [Plaintiff's] request for more time to file a civil action (ask for court review). . . . The Appeals Council . . . extends the time within which [Plaintiff] may file a civil action (ask for court review) for 30 days from the date [Plaintiff] receive[s] this letter. [The Administration] assume[s] that [Plaintiff] received this letter 5 days after the date on it unless [Plaintiff] show[s the Administration] that [Plaintiff] did not receive it within the 5-day period.

*Id*. at 5. Liberally construing Plaintiff's Complaint (*Nordstrom*, 762 F.3d at 908), it is reasonable to assume that Plaintiff filed an application for disability benefits, had his claim denied initially and upon reconsideration, requested a hearing before an ALJ, and then sought review of the ALJ's decision by the Appeals Council. Following receipt of the attached letter from the Appeals Council, Plaintiff timely filed his Application to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint (ECF No. 1-1) on December 19, 2019. Accordingly, Plaintiff has exhausted his administrative remedies, and is entitled to judicial review under 42 U.S.C. § 405(g).

The second screening requirement of social security complaints is satisfied because Plaintiff alleges that he resides in this judicial district. ECF No. 1-1 at 2.

Notwithstanding, Plaintiff's Complaint is insufficient because it does not satisfy the third and fourth screening requirements of social security complaints. Plaintiff does not state the nature of his disability or allege when it commenced. *Soete v. Colvin*, No. 2:13-cv-0439-APG-NJK, 2013 WL 5947231, *2 (D. Nev. Nov. 4, 2013) ("The complaint should state the nature of Plaintiff's disability, [and] when Plaintiff claims she became disabled"); *Pitcher v. Astrue*, No. 2:12-cv-01499-JCM-CWH, 2012 WL 3780354, *1 (D. Nev. Aug. 30, 2012) (same). Nor does Plaintiff include a "plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief." *Montoya*, 2016 WL 890922 at *2. Specifically, Plaintiff left blank the "Statement of Claim" and "Relief" sections of his Complaint. ECF No. 1-1 at 3. A complaint merely stating that the Administration's decision was wrong and failing to describe the underlying reasons why does not provide fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Montoya*, 2016 WL 890922 at *2 ("The plaintiff must provide a statement identifying the basis of the plaintiff's

1 disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief. While this showing need not be made in great detail, it must be presented in sufficient detail for the Court to understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to Section 1915(e)."). As such, Plaintiff's Complaint fails to state a claim for relief.

**III.   Order**

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file Plaintiff's Complaint (ECF No. 1-1), but shall not issue summons.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice with leave to amend. If Plaintiff chooses to file an amended complaint, Plaintiff must file the amended complaint correcting the noted deficiencies within 30 days from the date of this Order. Failure to comply with this Order may result in a dismissal of this action.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendant fair notice of the Plaintiff's claims against it, and Plaintiff's entitlement to relief.

DATED THIS 4th day of February, 2020.

_____
ELAYNA J. YOUCHAH
United States Magistrate Judge